THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VIIVA GLOBAL, LLC, a Utah limited liability company; BOWEN, LLC, a Utah limited liability company; SH GLOBAL, LLC, a Utah limited liability company; AFFE HOLDINGS, LLC, a Utah limited liability company; and 402K, LLC, a Utah limited liability company,<br><br>  Plaintiffs,<br><br>vs.<br><br>XI JIAN ZHOU, an individual; and GLOBAL LEGACY, LLC, a Nevada limited liability company; LI WEI WANG, an individual; and JOHN and JANE DOES 1-10,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [69] PERCY CHIN'S MOTION TO QUASH SERVICE OF PROCESS & TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5)**<br><br>Civil No. 2:21-cv-00662-DBB-DAO<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne Oberg |

Before the court is Third Party Defendant Percy Chin's Motion to Quash Service of Process & To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (Motion).[1] Third Party Plaintiff Global Legacy opposed the motion.[2] Having reviewed the briefing and case law, the court concludes the motion may be resolved without oral argument.[3] For the reasons stated herein, the Motion is GRANTED.

---

[1] ECF No. 69, filed March 8, 2022.
[2] Global Legacy LLC's Response to Counterclaim Defendant Percy Kong Kei Chin's Motion to Quash Service of Process & To Dismiss, ECF NO. 74, filed March 21, 2022.
[3] *See* DUCivR 7-1(g).

**BACKGROUND**

Given the detailed procedural history of the case, the court provides only a short summary relevant to the pending motion. Plaintiffs, consisting of four minority shareholders of Viiva Global, originally brought this action on behalf of Viiva Global and themselves against the majority shareholder and others.[4] Defendant Global Legacy, the majority owner of Viiva Global, filed various counter and crossclaims.[5] Global Legacy also filed a third party complaint against Percy Chin.[6] Global Legacy filed a Summons Returned Executed on February 11, 2022 indicating that Chin was served on February 7, 2022 in Upland, California.[7] On March 8, 2022, Chin entered a limited appearance and moved to quash service and dismiss the claims against him.[8]

**ANALYSIS**

A plaintiff bears the burden of establishing the validity of service of process.[9] A challenge to the sufficiency of service involves determining whether the facts satisfy the standard that Chin be served at his "usual place of abode" and is a mixed question of fact and law.[10] Relying on a treatise, the Tenth Circuit has stated that "a person's usual place of abode is the

---

[4] *See* Second Amended Complaint, ECF No. 30, filed November 23, 2021.
[5] *See* Answer, ECF No. 48, filed December 7, 2021; Crossclaim, ECF No. 49, filed December 8, 2021. Defendant Global Legacy then filed amended counter and cross claims, as well as a third party complaint. *See* ECF Nos. 62–64, filed February 3, 2022.
[6] Global Legacy also purported to bring the action on behalf of Viiva Global as a necessary party. *See* Amended Counterclaim, Crossclaim, and Third Party Complaint, ECF No. 64, filed February 3, 2022.
[7] ECF No. 66.
[8] Motion to Quash and Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5), ECF No. 69.
[9] *See FDIC v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).
[10] *See S.E.C. v. Marino*, 29 Fed. App'x 538, 540 (10th Cir. 2002) (citing *Campbell v. Bartlett*, 975 F.2d 1569 (10th Cir. 1992)).

2

place where he is actually living, except for temporary absences, at the time service is made."[11] The court further quoted the treatise stating that service can be made on a "traveling defendant" by leaving papers at his legal residence "so long as he receives actual notice, even though his vocation takes him to other places on a regular basis and he returns to the place where process was delivered when he has the opportunity."[12] Indeed, "a defendant's extended travels do not change his usual place of abode if he did not intend to change his residence."[13]

Federal Rule of Civil Procedure 4(e) provides that a person within a judicial district of the United States may be served within the United States by "following state law for serving a summons…in the state where the district court is located or where service is made" or by "leaving a copy of [the documents] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Additionally, Federal Rule of Civil Procedure 4(f) governs service outside of the United States:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed, may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or (C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a

---

[11] *Rosa v. Cantrell*, 705 F.2d 1208, 1214 (10th Cir. 1982); *see also S.E.C. v. Marino*, 29 Fed App'x 538, 540 (10th Cir. 2002) (citing *Rosa*, F.2d at 1214)).
[12] *Marino*, 29 Fed. App'x at 540 (citation omitted).
[13] *Marino*, 29 Fed. App'x at 540 (cleaned up, citation omitted).

signed receipt; or (3) by other means not prohibited by international agreement, as the court orders.[14]

When a plaintiff does not meet its burden of demonstrating that service has satisfied the relevant portions of Rule 4 of the Federal Rules of Civil Procedure, a court may dismiss for failure to properly serve or it may quash the process without dismissing the action and give the plaintiff an opportunity to re-serve the defendant.[15]

The sworn declarations in this case reveal the following facts relevant to Mr. Chin's claim that Hong Kong, not Upland, California, is his usual place of abode. Chin alleges that although he is a dual citizen of Canada and Hong Kong, his primary residence is in Hong Kong.[16] He was born and raised in the Hong Kong area and went to school in that area.[17] He pursued his education in Canada beginning in 1974 but returned to Hong Kong in 1989.[18] He has owned his home in Hong Kong since around 2006 and returns home as often as his work schedule permits.[19] He intends to retire in Canada but has not yet done so.[20] Chin alleges that in July 2020 he purchased the California property at which service was attempted in this case as an investment property on behalf of him and his sister.[21] At the time he had been in a romantic relationship with Yushan Song since approximately May 2020, and he allowed her to occupy the newly purchased property as a "tenant for an unspecified period of time in consideration for her agreement to

---

[14] F.R.C.P. 4(f).
[15] *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 N.2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant").
[16] Declaration of Percy Chin at ¶ 2–3, ECF No. 69-1; Second Declaration of Percy Chin at ¶ 5, ECF No. 81-1.
[17] Second Declaration of Percy Chin at ¶ 2, ECF No. 81-1.
[18] *Id.* at ¶ 2–3.
[19] *Id.* at ¶ 4.
[20] *Id.* at ¶ 15, 19.
[21] *Id.* at ¶ 5.

4

generally reside at that property and maintain and watch out for the same."[22] Chin himself did not move into the property after closing on its purchase.[23]

Instead, on July 4, 2020 in the early morning after Chin closed on the purchase of the California property on July 3, 2020, he took a return flight to Hong Kong and remained there for approximately 15 months until he again visited the United States beginning October 8, 2021.[24] Shortly after arriving in California, Chin's relationship with Ms. Song soured on or around October 26, 2021.[25] Mr. Chin notified Ms. Song in early November 2021 that the relationship was over and she must move out of the California investment property.[26] Ms. Song refused to leave the property, requiring Chin to consult an attorney in December 2021, after which an eviction notice was served on Ms. Song on January 11, 2022.[27] Chin himself traveled to visit in Canada beginning January 8, 2022, where he was located at the time process was served in this case.[28] The process server delivered the papers to Ms. Song at the California property on February 7, 2022,[29] allegedly while she was awaiting the hearing scheduled on the eviction notice.[30]

The foregoing facts strongly support that Chin's usual place of abode is Hong Kong. The evidence reflects that his primary residence is his Hong Kong home, which he demonstrably returns to when he has the opportunity even though his vocation regularly takes him other places.

---

[22] *Id.* at ¶ 7.
[23] *Id.* at ¶ 8.
[24] *Id.* at ¶ 8–9.
[25] *Id.* at ¶ 11.
[26] *Id.*
[27] *Id.* at ¶ 12–13.
[28] *Id.* at ¶ 15.
[29] Return of Service, ECF No. 74-1.
[30] Second Declaration of Percy Chin at ¶ 16, ECF No. 81-1.

His visit to Canada at the time service was allegedly made constituted a temporary absence from his usual place of abode in Hong Kong, rather than in California, because there is no evidence that he ever changed his usual place of abode to California. Similarly, his extended travels to the United States, Canada, and other places for employment or vacation purposes do not undermine Hong Kong as his usual place of abode because he has not shown an intent to change his permanent residence to Canada or California.

Ms. Song's declaration similarly does not undermine Chin's claim that Hong Kong remains his usual place of abode. For example, she confirms that Chin did not move into the California property after it was purchased, and that he did not return to the United States to visit the property until October 8, 2021.[31] She confirmed that his visit at the California property ended no later than January 7, 2022.[32] His use of the California property during those 90 days is not inconsistent with its use as an investment property,[33] notwithstanding Ms. Song's testimony that he referred to it as their "home," particularly when their relationship had soured as early as October 26, 2021, he asked Ms. Song to leave the property in November 2021, he initiated eviction proceedings against Ms. Song in December 2021, and Ms. Song was served with an eviction notice in January 2022. Because Chin had not changed his legal residence from Hong Kong to Canada or California, service was not effectuated by leaving the papers with Ms. Song in the California property on February 7, 2022.

Having addressed Global Legacy's argument that the California property was Chin's usual place of abode at the time of service, the court cannot credit its further argument that

---

[31] Declaration of Yushan Song at ¶¶ 8–9, ECF No. 74-2.
[32] *Id.* at ¶ 9.
[33] *Id.* at ¶ 10–12, including hosting guests to include his daughter on the property during his visit to California and the receipt of financial and property-related mail at the property during that time.

6

service was nevertheless reasonably calculated to provide him notice of the pending action. A traveling defendant is entitled to service at his usual place of abode, which in this case is Hong Kong. Only if such service is proper does notice become relevant if the traveling defendant was away from his usual place of abode at the time service was made. That is not what happened here.

## ORDER

Based on the foregoing, Percy Chin's Motion is GRANTED. Service is quashed. Because international service will be required for Mr. Chin and the time frame for plaintiff to accomplish that could be variable, the court declines to extend the time for service and rather dismisses the third party complaint[34] against Chin without prejudice.

DATED August 10, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[34] ECF No. 64.