UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VIIVA GLOBAL, LLC, a Utah limited liability company; BOWEN, LLC, a Utah limited liability company; SH GLOBAL, LLC, a Utah limited liability company; AFFE HOLDINGS, LLC, a Utah limited liability company; and 402K, LLC, a limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>XI JIAN ZHOU, an individual; GLOBAL LEGACY, LLC, a Nevada limited liability company; LI WEI WANG, an individual; and JOHN AND JANE DOES 1 - 10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING THIRD PARTY PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE (DOC. NO. 163)**<br><br>Case No. 2:21-cv-00662<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |
| GLOBAL LEGACY, LLC, a Nevada limited liability company,<br><br>    Third Party Plaintiff,<br>v.<br><br>PERCY KONG KEI CHIN,<br><br>    Third Party Defendant. | |

Defendant and Third Party Plaintiff Global Legacy, LLC, has filed a Motion for Extension of Time for Service on Third Party Defendant Percy Kong Kei Chin,[1] an individual believed to reside outside the United States. On September 1, 2022, the court granted Global

---

[1] ("Mot." Doc. No. 163.)

1

Legacy leave to refile a third-party complaint against Mr. Chin.[2] On September 6, 2022, Global Legacy filed this complaint[3] and issued summonses to Mr. Chin at addresses in China and Canada.[4] On September 28, 2022, Global Legacy submitted service requests along with the complaint, third-party complaint, and summonses to the respective central authorities in China and Canada pursuant to the Hague Service Convention and Rule 4(f)(1) of the Federal Rule of Civil Procedure.[5]

Global Legacy noted its understanding that it takes approximately four months for the central authority in China to complete service under the Hague Service Convention—and, in Canada, it takes three to six weeks.[6] For these reasons, Global Legacy asks for additional time to complete service. This request is justified, particularly where "there is no time limit by which service must be effected on a defendant in a foreign country pursuant to Rule 4(f)."[7]

For the reasons stated above and for good cause shown, the court GRANTS the motion and orders as follows:

---

[2] (*See* Docket Text Order, Doc. No. 114.)

[3] (Third Party Compl., Doc. No. 116.)

[4] (*See* Summonses, Doc. Nos. 117, 118; Mot. ¶¶ 6–7, Doc. No. 163.)

[5] (*See* Mot. ¶¶ 8, 12, Doc. No. 163); *see also* Hague Conf. on Priv. Int'l L., https://www.hcch.net/en/states/hcch-members (last visited Jan. 6, 2023); Fed. R. Civ. P. 4(f)(1) ("Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.").

[6] (*See* Mot. ¶¶ 9–10, Doc. No. 163.)

[7] *Noland v. Walter*, No. 19-cv-1278, 2020 U.S. Dist. LEXIS 30785, at *8 (D. Kan. Feb. 24, 2020) (unpublished).

- The deadline for service of Third Party Defendant, Mr. Chin, is extended to March 28, 2023.

- On or before March 28, 2023, Global Legacy must file either proof of service as to Mr. Chin or a motion seeking an extension of time for service with reasons in support.

DATED this 11th day of January, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge