THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VIIVA GLOBAL, LLC, a Utah limited liability company; BOWEN, LLC, a Utah limited liability company; SH GLOBAL, LLC, a Utah limited liability company; AFFE HOLDINGS, LLC, a Utah limited liability company; and 402K, LLC, a Utah limited liability company,<br><br>        Plaintiffs,<br><br>vs.<br><br>XI JIAN ZHOU, an individual; and GLOBAL LEGACY, LLC, a Nevada limited liability company; LI WEI WANG, an individual; and JOHN and JANE DOES 1-10,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [191] AND [195] DEFENDANT GLOBAL LEGACY'S MOTION TO EXTEND TIME FOR SERVICE AND TO AUTHORIZE ALTERNATIVE SERVICE**<br><br><br>Civil No. 2:21-cv-00662-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Global Legacy's Motion and Amended Motion to Extend Time for Service and to Authorize Alternative Service.[1] Global Legacy, LLC ("Global Legacy") seeks an additional month to effectuate service on Percy Kong Kei Chin, as well as an order authorizing alternative service—namely, service on his U.S. counsel and service via email to his personal email address.[2]

This motion must be viewed in light of the case history. This case was filed 17 months ago[3] and is fundamentally a dispute between Viiva Global's five members, who are the owners

---

[1] ECF Nos. 191, 195.
[2] Am. Mot. to Extend Time for Service & to Authorize Alternative Service 7.
[3] ECF No. 2-1.

1

of Viiva Global. According to the Complaint, Global Legacy is Viiva Global's majority member

with an approximately 91% Membership Interest.[4] The four minority members (Bowen, LLC;

SH Global, LLC, Affe Holdings, LLC; and 402K, LLC) brought suit against Global Legacy,

alleging that it and its owner, Xi Jian Zhou, breached the Agreement governing Viiva Global and

the members' respective duties and rights.[5] The minority members also brought derivative

claims on behalf of Viiva Global against Global Legacy and Mr. Zhou.[6] For its part, Global

Legacy asserted counterclaims and crossclaims against the minority members.[7] While both sides

have asserted numerous causes of actions, the case is centered on each side's mutual

recriminations that the other side has misappropriated funds from Viiva Global (sometimes later

returned, sometimes not), violated the terms of the Viiva Global Agreement, and failed to live up

to their respective duties to Viiva Global.

On February 3, 2022, Global Legacy filed an Amended Counterclaim, Crossclaim, and

Third-Party Complaint.[8] The third-party complaint was against Mr. Chin.[9] The court issued

summons the same day, and Global Legacy filed the executed summons on February 11, 2022.[10]

Shortly thereafter, Mr. Chin filed a Motion to Quash Service of Process and Motion to Dismiss

Party.[11] The court granted the motion on August 10, 2022, dismissing the third-party complaint

without prejudice.[12] The next day, Global Legacy filed a motion seeking leave to refile a third-

---

[4] Third Am. Compl. ¶ 17, ECF No. 134.
[5] *See id.*
[6] *Id.*
[7] Am. Countercl., Cross-cl., & Third Party Compl., ECF No. 116.
[8] ECF No. 64.
[9] *Id.*
[10] ECF No. 66.
[11] ECF No. 69.
[12] ECF No. 111.

party complaint against Mr. Chin,[13] and Magistrate Judge Oberg granted the motion.[14] On

September 6, 2022, Global Legacy refiled its Third-Party Complaint.[15]

In the Third-Party Complaint, Global Legacy alleged that Mr. Chin had entered into an

agreement with Global Legacy and Plaintiffs to provide neutral mediation services but instead

served only the interests of Plaintiffs.[16] It further alleged Mr. Chin took unspecified Viiva Global

products from storage[17] and instructed Viiva Global's dealers to spread rumors about Mr. Zhou

and Viiva Global.[18] Based on these allegations, Global Legacy accused Mr. Chin of Conspiracy

with Plaintiffs, Interference with Business Relations, Conversion, Breach of Contract, and

Defamation.[19]

By December 8, 2022, Global Legacy had not filed proof of service on Mr. Chin.[20] Judge

Oberg entered a docket text order directing Global Legacy to "file either: 1) proof of timely and

proper service of Mr. Chin, or 2) a motion to extend the time for service, setting forth good cause

for failure to timely serve."[21] Global Legacy filed a response, averring that "[t]o comply with the

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters ("Hague Service Convention"), on September 28, 2022, [Global Legacy]

arranged to have service requests along with the Complaint, Third Party and the Summons

delivered to the respective central authorities in Hong Kong and Canada."[22] Global Legacy

further averred that service in Hong Kong should take around four months, while service in

---

[13] ECF No. 112.
[14] ECF No. 114.
[15] ECF No. 116.
[16] ECF No. 64 at 19.
[17] *Id.* at ¶ 133.
[18] *Id.* at 17.
[19] *Id.* at 15–20.
[20] ECF No. 162.
[21] *Id.*
[22] ECF No. 163 at 2–3.

Canada was expected to take around three to six weeks.[23] Global Legacy contended that because of the COVID-19 pandemic, the time to complete service could take longer than usual.[24]

Judge Oberg granted the motion, ordering Global Legacy to "file either proof of service as to Mr. Chin or a motion seeking an extension of time for service with reasons in support" on or before March 28, 2023.[25] On the deadline, Global Legacy filed a motion seeking an extension of time for service and an order authorizing alternative service.[26] In support of its request for six additional months, Global Legacy attached three exhibits.[27] The first exhibit indicated that the process server forwarded the summons and complaint to the central authorities of Canada and Hong Kong by September 28, 2022.[28] The second exhibit indicated that by February 6, 2023, sheriff services in British Columbia had made multiple attempts to serve Mr. Chin at his Canadian address, but Mr. Chin had not been served.[29] The final exhibit is a letter from Global Legacy's service vendor stating that "Hague service can take several months to complete after service is submitted to the Central Authority" and that "[o]n or about September 30, 2022 we submitted the service request to the Chief Secretary for Administration Hong Kong Special Administrative Region Government for service upon Percy Kong Kei . . . and submitted to the Minister of Justice for British Columbia, Order in Council Administration office for service upon Percy Kong Kei Chin."[30] Global Legacy also asked that it be authorized to serve Mr. Chin by commercial mail courier, but it supported its request with no factual averments as to why this method would be successful.[31] While its process server stated that "several months" is the

---

[23] *Id.* at 3.
[24] *Id.*
[25] ECF No. 166.
[26] ECF No. 191.
[27] ECF Nos. 191-1–191-3.
[28] ECF No. 191-1.
[29] ECF No. 191-2.
[30] ECF No. 191-3.
[31] ECF No. 191 at 3–5.

expected time frame for service to be completed under the Hague Convention, neither the process server or Global Legacy explained why service had not been completed in the over half year since Global Legacy transmitted the summons and complaint to the central authorities.[32]

On April 5, 2023, Global Legacy filed an amended motion.[33] The amended motion modified Global Legacy's request for an extension to one month (instead of six) and for alternative service by allowing Global Legacy to serve Mr. Chin's U.S. counsel and to serve Mr. Chin at his personal email address.[34] In support of this, Global Legacy averred that on April 1, 2023, it was notified by its service vendor that Hong Kong Central Authority had sent it an Affirmation of Non-Service.[35] The Affirmation of Non-Service provided that "the Hong Kong Central Authority attempted to effect the service on Percy Kong Kei Chin at [the given address] on February 22, 2023, . . . but failed because the occupant thereof advised that 'the Party for Service was unknown to her.'"[36] Because the occupant at the address that Mr. Chin "admits is his permanent residence" does not know him, Global Legacy conceded that an alternative method of service via postal mail was unlikely to be successful.[37] Instead, Global Legacy now requests to serve Mr. Chin's attorney who represented Mr. Chin in Mr. Chin's motion to quash the previous service in this case.[38] In addition, Global Legacy seeks to serve Mr. Chin through what it believes is Mr. Chin's personal email.[39]

A number of relevant case deadlines passed well before the filing of this motion and amended motion. For example, the deadline for serving written discovery passed on December

---

[32] ECF No. 191-3.
[33] ECF No. 195.
[34] *Id.* at 7.
[35] *Id.* at 3.
[36] *Id.* at 3 (quoting ECF No. 195-5).
[37] *Id.*
[38] *Id.* at 4.
[39] *Id.*

28, 2022.[40] Even if Global Legacy did not intend to propound any written discovery to Mr. Chin, Mr. Chin would need to be given time to conduct his own written discovery. Similarly, even if Global Legacy did not intend to depose Mr. Chin, Mr. Chin would need to be given time to take depositions. But there is not any time left: all fact discovery closed on January 27, 2023[41]—over two months ago. Further, expert disclosures and reports were due more than a month ago on March 3, 2023, with counter reports due on April 14.[42] So even if Mr. Chin were served tomorrow, adding Mr. Chin at this late date would mean not only reopening fact discovery, but also expert designations and reports.

As Global Legacy points out, the Federal Rules of Civil Procedure do not place a time limit on service in a foreign country.[43] But in the interests of justice and for efficiency purposes, there is a practical limit. This case is set for trial on September 15, 2023. The complaint in this case was filed on October 20, 2021,[44] nearly a year and a half ago. The facts alleged in Global Legacy's Third Party Complaint all occurred before the end of 2021.[45] At this point, to allow Global Legacy additional time to serve a third-party defendant, together with the reopening of fact discovery and expert discovery deadlines and the court's trial schedule, would mean the case would not go to trial before Spring 2024. Whether that delay is justified depends in part on what may happen to Viiva Global in the interim.

At times, both sides have expressed deep concerns about Viiva Global's viability and the effect the litigation is having on it, generally blaming the other side but also the acts of third

---

[40] ECF No. 148, filed Nov. 16, 2022.
[41] *Id.*
[42] *Id.*
[43] Fed. R. Civ. P. 4(m).
[44] ECF No. 2-1.
[45] *See* ECF No. 116.

6

parties exacerbated by lingering effects from the COVID-19 pandemic.[46] The parties also have presented considerable documentary evidence and testimony in multiple prior hearings and motion filings of Viiva Global's significant financial distress.[47] And yet while the trial is pending, a preliminary injunction stipulated to by the parties and entered by the court restrains Viiva Global from accessing $4 million of its funds.[48]

The court has been called upon to make preliminary determinations as part of temporary restraining order and preliminary injunction hearings. Over the course of these hearings, significant evidence has been presented that Global Legacy and Mr. Zhou have demanded and received more than $3,300,000 in commission payments over the past two-and-a-half years.[49] Some of these payments were made during the course of this litigation and at times when Viiva Global was in apparent financial difficulty.[50] Some of these payments also were made at a time when the parties agreed—and asked the court to enter their agreement on the record—that certain account balances would not drop below a specified amount.[51] Evidence has been received that Global Legacy continued to award itself large commission payments as recently as November

---

[46] Pls.' Mot. for TRO, ECF No. 169 at 3 ("Without injunctive relief, the company is in imminent danger of destruction and insolvency."); Global Legacy's Opp'n, ECF No. 179 at 4 (describing how U.S. sales were down due to "[t]he pending litigation and negative rumors circulating regarding the legal proceeding" and how "the COVID pandemic had a dramatic effect on the company, its operations in Asia, and its sales").

[47] *See* Pls.' Mot. for TRO, ECF No. 4, filed Nov. 8, 2021; ECF No. 20 (hearing on ECF No. 4); Global Legacy's Mot. for TRO, ECF No. 40, filed Dec. 1, 2021; ECF No. 42 (hearing on ECF No. 40); Global Legacy's Mot. to Enforce Stipulation, ECF No. 57, filed Dec. 21, 2021; ECF Nos. 87, 89 (hearings on ECF No. 57); Pls.' Mots. for TRO, ECF Nos. 119–121, filed Sept. 26, 2022; ECF No. 129 (hearing on ECF Nos. 119–121); Pls.' Mot for TRO, ECF No. 169, filed Feb. 13, 2023; ECF No. 184 (hearing on ECF No. 169).

[48] Prelim. Inj., ECF No. 188, entered Mar. 2, 2023.

[49] *See* Mem. Decision & Order Den. [141] Pls.' Mot. for Summ. J., ECF No. 177 at 4 ("[I]t is undisputed that Viiva made payments to Global Legacy or Mr. Zhou in the amount of $3,603,881.74.").

[50] *See* Mot. Summ. J., ECF No. 141; Opp'n, ECF No. 161; Reply, ECF No. 164; Pls.' Mot. for TRO, ECF No. 4, filed Nov. 8, 2021; ECF No. 20 (hearing on ECF No. 4); Global Legacy's Mot. for TRO, ECF No. 40, filed Dec. 1, 2021; ECF No. 42 (hearing on ECF No. 40); Global Legacy's Mot. to Enforce Stipulation, ECF No. 57, filed Dec. 21, 2021; ECF Nos. 87, 89 (hearings on ECF No. 57); Pls.' Mots. for TRO, ECF Nos. 119–121, filed Sept. 26, 2022; ECF No. 129 (hearing on ECF Nos. 119–121); Pls.' Mot for TRO, ECF No. 169, filed Feb. 13, 2023; ECF No. 184 (hearing on ECF No. 169).

[51] *See id.*

2022, despite the fact that the specified account balance already was below the agreed upon minimum.[52]

It is now undisputed that Global Legacy and those it has appointed are in complete control of Viiva Global. Global Legacy has caused multiple minority members to be terminated from their management positions. It has appointed Mr. Zhou's nephew, Chen Chen Zhang, as the effective controller of payments.[53] At a hearing, Mr. Zhang testified in a manner suggesting he knew little about the particulars of Viiva Global's business and would approve, without investigation, all payment requests presented to him through the company's system.[54] And Global Legacy and its appointees are now the managers at Viiva Global, a manager-managed LLC. The court expresses no view about the propriety of these changes, noting only that it is certain that Global Legacy, whose sole member is Mr. Zhou, is in complete control of Viiva Global, an entity in which the former minority-member Plaintiffs have an equity stake and potential liabilities.

In short, there is significant record evidence that delaying trial may endanger Viiva Global's interests in continuing as an ongoing enterprise, to be governed according to its Operating Agreement, and to not have its assets transferred to Global Legacy, Mr. Zhou, or other

---

[52] *See id.*

[53] April 26, 2022 Evidentiary Hrg. Tr. 29:8–29:16 ("Q. Is Mr. Zhou your uncle? A. Yes. . . . My only job is to take control of the account.") (Mr. Zhang testifying).

[54] *Id.* at 29:12–29:17 ("Q. What does Viiva do as a business? What products do they sell? A. As far as I know they sell products like the milk shakes and something like that -- because I did not take part in the sales team. My only job is to take control of the account, so I don't know much about the products.") (Mr. Zhang testifying); *id.* at 30:2–30:12 ("Q. So when the O.A. system sends you something to pay, you just pay it because it says to pay it. Is that right? A. Yes. Q. You don't know who made the decision to pay it beyond that? A. I don't know. Q. You just say pay it? A. Because I see all the approvals from the managers to the sales -- I just realize the payment is transparent so I just make the payment."); *id.* at 31:1–31:3 ("Q. Okay. If it comes through the O.A. system to your desk you approve it and pay it? A. Yes."); *id.* at 37:22–37:24 ("Q. Did you ever ask anybody any questions ever about any payments that you made to any entity? A. No, I didn't.").

8

entities or individuals affiliated with Global Legacy or Mr. Zhou in a manner other than that

permitted in its Operating Agreement.

In considering this request, the court also reviewed Global Legacy's Third-Party

Complaint against Mr. Chin. Federal Rule of Civil Procedure 14(a) allows for a defendant to

bring in a third-party.[55] It provides, "A defending party may, as third-party plaintiff, serve a

summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim*

*against it*."[56] "Rule 14's provision for impleading parties is narrow: the third-party claim must be

derivative of the original claim."[57] "[T]he rule allows a defendant to bring in parties if liability

may be passed on to the impleaded third-party."[58]

In the Third-Party Complaint, Global Legacy alleges that Mr. Chin "aided and abetted"

Mr. Huang (the sole member of one of the plaintiffs) in his breach of the operating agreement

and in refusing to give up control of Viiva Global's payment systems, that Mr. Chin "improperly

received Viiva [Global] funds" and took products from Viiva Global's storage without

authorization, that Mr. Chin conspired with the minority members to take control of Viiva

Global, that Mr. Chin made defamatory statements about Mr. Zhou and Viiva Global, and that

Mr. Chin breached the mediation contract because he was not a neutral mediator.[59] None of these

causes of action are derivative of Plaintiffs' claims[60] against Global Legacy. In other words, if

Global Legacy is found liable to Plaintiffs on any of these counts, Global Legacy has not

---

[55] Fed. R. Civ. P. 14(a).
[56] *Id.* at 14(a)(1) (emphasis added).
[57] *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.,* 893 F.2d 1155, 1158 n.1 (10th Cir. 1990).
[58] *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 514 (D. Kan. 2003).
[59] *See* ECF No. 116.
[60] Plaintiffs bring causes of action for breach of contract, breach of fiduciary duty, conversion, trademark infringement, trade dress dilution, and violation of Utah Code § 48-3a-404 against Global Legacy. ECF No. 134.

asserted a claim that Mr. Chin will then be liable to it. Therefore, it is not clear that Mr. Chin is a proper third-party defendant.[61]

Finally, Global Legacy has not alleged that Mr. Chin is a required party to this action under Federal Rule of Civil Procedure 19 or that its claims against Mr. Chin must be brought in this proceeding.

In conclusion, bringing Mr. Chin into this action five months before the scheduled trial inevitably will delay the trial, and any delay in trial is likely to detrimentally impact Viiva Global. Additionally, it is not clear that Mr. Chin is a proper third-party defendant. Therefore, the court denies Global Legacy's motion for an extension of time to serve Mr. Chin and for an order authorizing alternative service.

## ORDER

IT IS HEREBY ORDERED that the motion is DENIED.

Signed April 7, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[61] The court is not making any determination as to whether Global Legacy has viable claims against Mr. Chin.

10